UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 19-1636 (DSD/DTS)

Retrobrands USA LLC,

      Plaintiff,

v.  **ORDER**

General Mills Marketing, Inc.

      Defendant.

    Carl E. Christensen, Esq. and Christensen Law Office, PLLC, 800 Washington Ave. North, Suite 704, Minneapolis, MN 55401, counsel for plaintiff.

    Benjamin W. Hulse, Esq. and Blackwell Burke, PA, 431 South 7th Street, Suite 2500, Minneapolis, MN 55415, counsel for defendant.

This matter is before the court upon the motion to dismiss or stay by defendant General Mills Marketing, Inc. Based on a review of the file, record, and proceedings herein, and for the following reasons, the motion to dismiss is denied and the motion to stay is granted.

**BACKGROUND**

This declaratory judgment action arises from the parties' stated interests in the DUNKAROOS trademark registered with the United States Patent and Trademark Office (USPTO), registration number 1755584 (Trademark). Am. Compl. ¶ 11. General Mills has held the Trademark for use in cereal-based food and frosting since

1991.  Id.

In 2009, General Mills and Jeffrey Kaplan, principal of plaintiff Retrobrands USA, LLC, executed a settlement agreement in which Kaplan and, in effect, his businesses agreed to permanently refrain from using any trademark owned by General Mills.  Hulse Decl. Ex. 1 ¶¶ 11, 13.  On September 17, 2018, Retrobrands filed an intent-to-use application with the USPTO for the Trademark with respect to cereal-based snack foods.  Am. Compl. ¶ 22.  Retrobrands then filed an action with the Trademark Trial and Appeal Board (TTAB) to cancel the Trademark.  Id. ¶ 23. General Mills, Inc. – the parent company of General Mills Marketing, Inc. – responded by filing suit against Retrobrands and its principal Jeffrey Kaplan in Hennepin County District Court alleging that the settlement agreement bars Retrobrands from using the Trademark.  See Hulse Decl. Ex. 1; id. ¶¶ 11, 13, 16-20.  The TTAB suspended the cancellation proceedings in light of the state court action, as is routine.  Hulse Decl. Ex. 2.

Retrobrands and Kaplan then removed the case to federal court on the basis of federal question jurisdiction.  Judge Nancy E. Brasel remanded after concluding that the case turned not on an interpretation of trademark law, but rather on whether Retrobrands and Kaplan had breached the settlement agreement by pursuing the Trademark.  Gen. Mills, Inc. v. Retrobrands USA, LLC, No. 19-258,

2019 WL 1578689, at *2-3 (D. Minn. Apr. 12, 2019). The state court action remains pending.

On June 21, 2019, Retrobrands filed this action against General Mills, and later amended the complaint, seeking (1) a declaration that General Mills has abandoned the Trademark for cereal-based snack food and frosting, (2) a declaration that Retrobrands has not infringed the Trademark or, alternatively, that General Mills' use of the mark since 2012 is insufficient to give rise to exclusive use, and (3) an order directing the USTPO to cancel registration number 1755584 for the Trademark. Am. Compl. at 6. General Mills now moves to dismiss or, in the alternative, to stay pending resolution of the Hennepin County action and TTAB proceedings.

**DISCUSSION**

**I. Justiciability**

General Mills first argues that the court lacks jurisdiction over this matter because Retrobrands has not alleged a justiciable controversy. The court disagrees.

Article III of the United States Constitution limits the jurisdiction of federal courts to justiciable cases and controversies. U.S. Const. art. III, § 2; Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992). The Declaratory Judgment

3

Act, on which this case is premised, provides that, "[i]n a case of actual controversy," the court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). To be a justiciable controversy in this context, there must be "a substantial controversy" between parties with "adverse legal interests." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) (internal quotation marks omitted). Because this test "is imprecise, the decision of whether such controversy exists is made upon the facts on a case by case basis." Id. (citing Golden v. Zwickler, 394 U.S. 103, 108 (1969)).

General Mills argues that there is no actual controversy because it has not sued or threatened to sue Retrobrands for trademark infringement. Although it is true that an actual controversy exists when a party has brought a legal claim of infringement, a plaintiff need not wait for the threat of an actual lawsuit to request declaratory relief. As explained by the Eighth Circuit Court of Appeals in the analogous patent context,

> a charge [of infringement] need not be express and can be found in any conduct or course of action on the part of the patentee which would lead a reasonable man to fear that he or his customers face an infringement suit or the threat of one if he continues or commences the activity in question.

4

Sherwood Med. Indus., Inc. v. Deknatel, Inc., 512 F.2d 724, 727–28 (8th Cir. 1975). In assessing the possible threat of an infringement action, the court must make "pragmatic judgments" and must be "aware of the business realities that are involved." Electro Med. Sys., Inc. v. Med. Plastics, Inc., 393 F. Supp. 617, 619 (D. Minn. 1975 (quoting Sherwood, 512 F.2d at 728).

Here, although Retrobrands has not yet used,[1] and General Mills has not formally claimed that Retrobrands has infringed, the Trademark, the practical aspects of the case establish the existence of an actual controversy. Retrobrands has filed an intent-to-use application demonstrating its present interest in using the Trademark based on General Mills' alleged abandonment. Retrobrands also filed a TTAB action to cancel General Mills' interest the Trademark. General Mills has opposed those efforts by filing the state court breach-of-contract action.[2] General Mills has also stated that it will challenge the TTAB action if it

---

[1] The amended complaint seems to allege that Retrobrands has been using the Trademark. See Am. Compl. ¶ 23 (alleging a likelihood of confusion between "the marks"); id. ¶ 27 (alleging that "use of the DUNKAROOS mark" exposes it to liability). At the hearing, however, Retrobrands clarified that it has not yet used the mark.

[2] Despite Retrobrands' argument to the contrary, the state court action is not in substance an infringement action and therefore does not serve as a basis for finding that a justiciable controversy exists. The state court lawsuit involves the contractual relationship between the parties, not whether Retrobrands is infringing the Trademark.

does not prevail in the state action. Thus, the conflict between the parties over the Trademark is concrete and ongoing; the fact that it has not yet been framed in terms of trademark infringement by General Mills is immaterial. As discussed below, however, the court is persuaded that a stay of this case is appropriate given the other ongoing proceedings.

**II. Request for Stay**

General Mills argues that a stay in favor of the state court and TTAB actions is appropriate should the court deny the motion to dismiss. As noted, the court agrees.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Emerson Elec. Co. v. Black & Decker Mfg. Co., 606 F.2d 234, 237 n.6 (8th Cir. 1979) (citation and internal quotation marks omitted).

Retrobrands argues that a stay is inappropriate because the threshold question in the parties' overall dispute is whether General Mills has abandoned its ownership of the Trademark, which is squarely at issue in this case. In other words, Retrobrands seems to argue that General Mills must have a current ownership interest in the Trademark for the settlement agreement, which is before the state court, to apply. The court is unpersuaded.

As the court understands it, the state court action involves the issue of whether Retrobrands is generally precluded from challenging General Mills' trademarks, whether active or inactive. See Hulse Decl. Ex. 1. If General Mills prevails, Retrobrands arguably would have no viable right to pursue the Trademark, which would likely resolve the parties' dispute. And, if Retrobrands prevails, it can proceed with its TTAB action to cancel General Mills' interest in the Trademark based on non-use. Therefore, the actual threshold issue in the parties' dispute is before, and must be determined by, the state court.

Although it is difficult to see how this case will remain viable under either outcome in the state action, the court will exercise its discretion and stay this matter pending resolution of the other matters to preserve the parties' rights.[3]

---

[3] Given the nature of its ruling, the court declines to consider at this time whether Retrobrands' request for cancellation of the Trademark is legally viable.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to dismiss or to stay [ECF No. 16] is granted as set forth above; and

2. The case is stayed pending resolution of the Hennepin County District Court action and the TTAB proceedings.

Dated: October 11, 2019

s/David S. Doty<br>
David S. Doty, Judge<br>
United States District Court